AO 472  (Rev. 09/16)  Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
for the
Eastern District of Missouri

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No.  4:21 MJ 1055 JMB |
| JORDON SWITZER | ) | ED Mich. No. 2:21MJ30030 |
| *Defendant* | ) | |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☒ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or

☐ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted.  This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

 ☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

   ☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

   ☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

   ☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

   ☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

   ☐ **(e)** any felony that is not otherwise a crime of violence but involves:
   **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; *and*

 ☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; *and*

 ☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; ***and***

 ☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

AO 472  (Rev. 09/16)  Order of Detention Pending Trial

☒**B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☐ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☒ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☒**C.  Conclusions Regarding Applicability of Any Presumption Established Above**

☒The defendant has not introduced sufficient evidence to rebut the presumption above.

**OR**

☐The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

**Part III - Analysis and Statement of the Reasons for Detention**

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☒By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☒By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☒ Weight of evidence against the defendant is strong
☒ Subject to lengthy period of incarceration if convicted
☐ Prior criminal history
☐ Participation in criminal activity while on probation, parole, or supervision
☐ History of violence or use of weapons
☒ History of alcohol or substance abuse
☐ Lack of stable employment
☐ Lack of stable residence
☐ Lack of financially responsible sureties
☒ Lack of significant community or family ties to this district
☐ Significant family or other ties outside the United States

AO 472  (Rev. 09/16)  Order of Detention Pending Trial

☐ Lack of legal status in the United States
☐ Subject to removal or deportation after serving any period of incarceration
☐ Prior failure to appear in court as ordered
☐ Prior attempt(s) to evade law enforcement
☐ Use of alias(es) or false documents
☐ Background information unknown or unverified
☐ Prior violations of probation, parole, or supervised release

**OTHER REASONS OR FURTHER EXPLANATION:**

On 1/28/2021, the undersigned held a hearing on the government's motion for pretrial detention.  Pursuant to the CARES Act, Defendant agreed to appear via video conference and his attorney had the opportunity to consult with her prior to the hearing.  Attorneys for both parties argued their respective positions and proffered facts.  Defendant asked that the Court leave the record open until 2/1/2021, so that counsel could obtain a copy of the Bail Report and offer any appropriate objections or supplemental information.  On 1/28/2021, the Court and parties received a Bail Report prepared by Pretrial Services.  No party offered objections to the background facts in that report or provided any supplement.  The undersigned adopts and incorporates by reference herein the facts set out in the Bail Report, but not the conclusions.  The undersigned has considered the parties arguments and proffers.  Pretrial Services recommends that Defendant be detained pending trial.

Defendant was charged by complaint in ED Michigan with receipt of child pornography, production and attempted production of child pornography, and online enticement of a minor to engage in sexual activity.  The facts outlined in the complaint describe a scheme in which Defendant extorted and attempted to extort a minor victim ("MV") in Michigan.  The MV had previously posted nude pictures of herself under a false name.  The complaint included excerpts of numerous Snapchat messages and recounted evidence/files, which were located on computer equipment seized from Defendant's residence, linking the computer to the events charged.  According to the government, the case is set to be presented for Indictment in ED Michigan on 2/10/2021.

## ** CONTINUED ON ATTACHED SHEET(s) **

### Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: _____2/8/2021_____   _____/s/ John M. Bodenhausen_____

UNITED STATES MAGISTRATE JUDGE

**OTHER REASONS OR FURTHER EXPLANATION:** (continued)

Defendant noted that the government's written detention motion discussed only the charged offense. According to Defendant, the motion did not address flight or danger to the community.  Defense counsel advised that he was first contacted by Defendant in November 2019, which was after authorities executed a search warrant at Defendant's home.  Defendant represented that, since November 2019, he has not moved and has not heard from the authorities, and he did not flee despite the events.  Defendant acknowledged his ties outside this District and ED Michigan, but contends he has ties to this District through work.  Defendant would be willing to travel to ED Michigan if required to do so.  Regarding dangerousness, Defendant disputes any conclusion that dangerousness should be inferred from the seriousness of the charge.  Defendant noted that there is no allegation that he tried to contact the victim of this matter after the events in question.  Defendant contends that the government sat on this case for about 14 months before charging him.

The government acknowledged that the primary focus of its arguments and proffer are on dangerousness. But the government believes that the lengthy penalty Defendant faces if convicted presents a strong incentive to flee.  The government contends that, due to the nature of the charges and Defendant's work in an education environment, it is most likely that he will lose his job and have even fewer ties to this District.  The government then focused the majority of its arguments on the nature and circumstances of the alleged offenses.  The government noted that Defendant paid for child pornography from the victim and then extorted her after he determined her true identity.  Defendant created social media accounts and, according to the government, he was relentless in pressuring MV for a sex video and for the names of persons who purchased photos from her.

The government explained the delay resulting from the investigation and search (September – November 2019) and the complaint. According to the government, the victim came forth in September 2019 and a search warrant was executed at Defendant's apartment in November 2019.  Although electronic devices were seized, those devices were encrypted.  Investigators were able to unlock/decrypt one device in December 2020, and evidence from that device is referenced in the complaint.  The effort to decrypt other devices remains ongoing. The government noted that agents also uncovered about 300 images of child pornography and about 27,000 files of child erotica on Defendant's device.  Investigators also uncovered evidence of the use of a PayPal account to purchase a nude video and that Defendant was associated with a PayPal account that was closed because it was identified as related to a Canadian minor who sold sexually explicit images.

Defendant is charged with serious offenses involving sexual exploitation of a minor.  Therefore, the government's detention motion in this case is aided by a rebuttable presumption that no condition or combination of conditions will reasonably assure Defendant's appearance as required and the safety of the community.  In response to this presumption, a defendant must produce some evidence that there are conditions of release that will reasonably assure that he will not flee and will not pose a danger to the community.  In this

regard, however, the burden of proof remains with the government, and at all times Defendant retains his constitutional presumption of innocence.  See United States v. Abad, 350 F.3d 793, 797 (8th Cir. 2003) ("'In a presumption case … a defendant bears a limited burden of production—not a burden of persuasion—to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight.'") (quoting United States v. Mercedes, 254 F.3d 433, 436 (2nd Cir. 2001)).  Moreover, even if a defendant meets his burden of production, "the presumption favoring detention does not disappear, but remains for consideration."  Abad, 350 F.3d at 797.

The undersigned finds that Defendant did not proffer sufficient facts to fully rebut the presumption favoring detention insofar as it relates to his danger.  But even if Defendant has offered sufficient facts to rebut the presumption, based on the entire record before the Court, the undersigned concludes that the government has met its burden of proof—there is no condition, or combination of conditions, that would ensure Defendant's appearance as well as the safety of the community.

For the limited purpose of deciding the instant detention motion, the undersigned finds that the weight of the government's evidence is strong and considerable.[1]  The facts and circumstances support the government's characterization that Defendant was relentless in his conduct.  Of serious concern is the fact that Defendant relocated to this District at the same time that the conduct at issue began, and the use of technology to carry out the conduct and encryption to hide the conduct.  The government also proffered evidence indicating that Defendant's conduct was not isolated—he possessed a large cache of child pornography and child erotica.  Finally, Defendant has minimal ties to this District and no ties to the charging district, and he faces a lengthy, mandatory minimum term of imprisonment if convicted.

The government's motion for pretrial detention is granted.

---

[1] The undersigned is not inferring dangerousness or risk of flight solely on the basis of the charges.  The undersigned has considered all of the proffered facts and circumstances, including the alleged conduct and the facts and circumstances tying Defendant to the alleged conduct.